# Bright *v.* Higgins, Appellant.

*Partnership—Interest in partnership — Evidence — Charge of court—Harmless error.*

In a suit between partners to recover the alleged interest of the plaintiff, evidence is admissible that the plaintiff gave to the defendant a check for the amount of money standing to the credit of his own business, upon its merger with that of the defendant.

It was also proper to admit in evidence that certain furniture and fixtures of the defendant's former business had been burned in a fire, which destroyed the alleged consolidated business, and that the defendant had collected the fire insurance thereon.

When the question at issue was not the amount of the defendant's interest, but rather that of the plaintiff, the fact that the court referred to the amount of the defendant's interest is immaterial error and will not be ground for reversal, particularly when such error was not called to the attention of the trial judge at the conclusion of his charge.

Argued October 27, 1920.　Appeal, No. 149, Oct. T., 1920, by defendant, from judgment of C. P. Northumberland County, Sept. T., 1919, No. 263, on verdict for plaintiff in the case of David J. Bright, now for the use of Sarah E. Bright, v. George J. Higgins.　Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.　Affirmed.

Assumpsit to recover amount due for interest in an alleged partnership.　Before CUMMINGS, P. J.

From the record it appeared that the plaintiff had been engaged in the business of running a moving picture house in Shamokin, Northumberland County.　The defendant was the owner of the property on which the theatre was erected and leased the premises to the plaintiff.　The business proving unprofitable, negotiations were started with another moving picture theatre whereby the plaintiff's business was to be taken over and the two theatres consolidated into one.　The defendant was interested in the ownership and management of the con-

solidated theatre, and under the negotiations it was understood that he should take over the fixtures and pay the debts of the plaintiff's theatre. The plaintiff claimed that the defendant agreed to pay him the amount he alleged to have in the property, namely, $1,000. The defendant denied having made such agreement.

Verdict for plaintiff for $935 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*William W. Ryon,* and with him *Albert Lloyd,* for appellant.

*W. H. Under,* and with him *W. Lloyd Snyder,* for appellee.

OPINION BY HENDERSON, J., March 5, 1921:

The first and second assignments relate to the admission of evidence against the defendant's objection. We regard these offers of evidence as clearly admissible on the theory on which the plaintiff's action proceeded. If he and his partner, Treibley, turned over their property in the Empire Theatre to a new company in which they were to be partners, and in which the defendant had a larger interest than any other of the proposed members, it was competent to show that the plaintiff gave the defendant a check for a balance of money which the Empire Theatre had in the bank. It tended to confirm the plaintiff's statement that a business transaction had taken place between him and Treibley on the one part, and the defendant on the other, growing out of the ownership of the theatre by the plaintiff and his partner. The evidence covered by the second assignment tends to show that the defendant repudiated the alleged partnership arrangement and that when the Majestic Theatre, to which the furniture and fixtures of the Empire Thea-

tre had been taken, was burned, he collected the fire insurance on the premises. Assuming the statement of the plaintiff to be correct, this was evidence directly in line with his statement of claim and tended to support his cause of action. It was not introduced as evidence of the partnership, but to show a contribution by the plaintiff to the consolidated theatre enterprise, which contribution was an inducement to the defendant's contract to pay the plaintiff $1,000 as asserted in the statement of claim.

In the third assignment a part of the charge of the court is criticised in which the court in commenting on the evidence stated that in the arrangement for the new partnership, Mr. Higgins was to have a two-sevenths interest in the new theatre. It seems that the court was incorrect in referring to a definite proportion of interest, but we do not regard this material error. The question was not so much one of the extent of the interest which the defendant had, as that which the plaintiff had. The plaintiff's case rested on the circumstance that the plan for the new partnership in the consolidated theatre gave him an interest; that the defendant was also interested in the venture; and that subsequently the latter refused to enter into the contract in writing for the partnership, took possession of the property, and collected the insurance on it when it burned. With this state of facts as a consideration, evidence was offered to show the promise of the defendant to pay to the plaintiff the sum of $1,000 which was agreed upon as the value of his interest in the business. It was this promise supported by the consideration referred to which constituted the plaintiff's claim. The inadvertent reference by the court to the proportion of interest which the defendant had as alleged by the plaintiff was harmless. If the defendant secured the possession and control of the property of the plaintiff in arranging for the partnership, and thereafter refused to enter into the written contract intended to carry out the plan, and at a later time asserted and

exercised individual ownership over the business and collected the insurance in that capacity, this would create a liability to the plaintiff, if the other statements alleged by the latter were believed by the jury. Moreover, the attention of the court was not called to the incorrectness of this statement in the charge. If it were important, the trial judge should have had an opportunity to correct it. The case turned on the parol testimony and was clearly one for the jury. We find no reversible error in the record.

The judgment is affirmed.